# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 10-717V
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *

RONNI KOLLASCH and
CHRISTOPHER KOLLASCH, *as parents and
natural guardians of their minor child,*
Q.K.,

          Petitioners,

      v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

Chief Special Master Corcoran

Filed: July 20, 2021

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Kathleeen M. Loucks,* Lommen Abdo, P.A., Minneapolis, MN, for Petitioners.

*Lara A. Englund,* U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS**[1]

On October 21, 2010, Ronni and Christopher Kollasch filed a petition on behalf of their minor child, Q.K., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners alleged Q.K. suffered from transverse myelitis as a result of his November 18, 2009 flu vaccine. The parties settled the matter, and a decision granting

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

damages based on their stipulated settlement was filed in July 2012 (ECF No. 35), with judgment entering August 1, 2012 (ECF No. 37).

Eight years later, Petitioners requested that the case be reopened to obtain relief from the Judgment, asserting that difficulties in caring for Q.K. (some of which were brought on by the COVID-19 Pandemic) necessitated modification of the annuity payment schedule. ECF No. 51. After the matter was briefed, I issued an order on April 6, 2021, denying Petitioners' Motion to Reopen the Judgment. Order, dated Apr. 6, 2021 (ECF No. 56). Petitioners have elected not to appeal. Motion for Fees, filed June 10, 2021. (ECF No. 58) at 3 ("Fees App.").

The Lommen Abdo law firm originally represented Petitioners with respect to Q.K.'s vaccine related injury, and they have also assisted Petitioners with the recent Motion to Reopen the Judgment. Petitioners have now filed a motion for a final award of attorney's fees and costs. *Id.* Petitioners request a final award of **$22,257.10** in attorney's fees and costs, for the work of three attorneys (Ms. Kathleen M. Loucks, Esq., Ms. Sara N. Wilson, Esq., and Ms. Michelle K. Kuhl, Esq.) as well as the supportive work of a paralegal. Fees App. at 1. Respondent reacted to the fees request on June 22, 2021. *See* Response, dated June 22, 2021 (ECF No. 59). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers calculation of a proper amount to be awarded to my discretion. *Id.* at 2, 3.

## ANALYSIS

### I. The Motion to Reopen Had Reasonable Basis

In adopting the Vaccine Act, Congress sought to "establish a [f]ederal 'no-fault' compensation program under which awards can be made to vaccine-injured persons quickly, *634 easily, and with certainty and generosity." H.R.Rep. No. 99–908, at 3 (2d Sess. 1986), *reprinted in* 1986 U.S.C.C.A.N. 6344, 6344. "In keeping with this objective, the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (Fed. Cl. 2012) A prevailing petitioner is automatically entitled to "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa–15(e)(1)(A), (B). But even if a petitioner fails to carry his or her burden of proof and does not establish entitlement, "the special master ... may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master ... determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa–15(e)(1).

Although Petitioners' request to reopen the case was ultimately unsuccessful, the motion was brought in good faith and arose from mostly-undisputed factual matters pertaining to Petitioners' recent change in circumstances. In addition, Petitioners previously prevailed via

2

settlement and received compensation through the Program, so the "greater" matter unquestionably had reasonable basis (and arguably this means that fees arising in connection with motions brought in association with it should be awarded). I therefore deem an additional fees and costs award appropriate.

## II. Calculation of Reasonable Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established general hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program, along with the standards for evaluating where counsel should fall within the ranges. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners requests the following rates for their attorneys, based upon when the work was performed:

|  | 2020 | 2021 | Total |
|---|---|---|---|
| Ms. Kathleen M. Loucks, Esq. | $362.00 | $365.00 | $11,103.00 |
| Ms. Sara N. Wilson, Esq. | $327.00 | - | $588.60 |
| Ms. Michelle K. Kuhl, Esq. | $297.00 | $300.00 | $5,467.50 |
| Ms. Esther J. Novak, Paralegal | $137.00 | $139.00 | $713.20 |

*See* Fees App. at 4.

Ms. Loucks (who practices in Minneapolis, Minnesota) proposes hourly rates for her own time that are in line with comparably-experienced attorneys, and based upon the prevailing rate in counsel's area. The rates requested for Ms. Loucks (as well as the paralegal work done by Ms. Novak in this case) are also consistent with what has been previously been awarded in the Program, and in accordance with the Office of Special Masters' fee schedule as well.[3] *See,* e.g., *Halbrook v. Sec'y of Health & Hum. Servs.*, No. 19-1572V, 2021 WL 1193541 (Fed. Cl. Spec. Mstr. Mar. 9, 2021); *Reed v. Sec'y of Health & Hum. Servs.*, No. 17-352V, 2019 WL 7494953 (Fed. Cl. Spec. Mstr. Nov. 25, 2019); *Miron v. Sec'y of Health & Hum. Servs.*, No. 16-762V, 2017 WL 5386607 (Fed. Cl. Spec. Mstr. Oct. 30, 2017). I therefore find no cause to reduce them in this instance. I otherwise deem the attorney time Ms. Loucks devoted to the matter to be reasonable, and will award fees for all time requested herein that she and her paralegal billed.

The fees requested for the other two attorneys who billed time to this matter, however, require further analysis. First, the fees application indicates that Ms. Wilson "was specifically consulted to review the trust in this matter to determine what changes were necessary for new annuity funds to be placed in trust for [Q.K.] to be used by family in making modifications to the home." Fees App. at 6. She also "estimated the amount of fees necessary to make those changes and those future fees were part of Petitioners' motion." *Id.* But the issue of determining what changes were necessary was *secondary* to the primary question of whether the Judgment would be reopened. Indeed—because I denied the primary relief requested, *how* to legally restructure the annuity and its payments became moot. Such fees should, therefore, not have been incurred until *after* the motion had been granted. I thus find the fees requested for Ms. Wilson[4] to be unreasonable, and I will not award them. This results in a deduction of **$588.60**.

Second, adjustments are also required for Ms. Kuhl's time. The hours billed by Ms. Kuhl were for "research on the legal theory, case law arguments and analysis to support Petitioners' motion and reply brief…" Fees App. at 6. Work on such matters was reasonably incurred. But Ms. Kuhl is not barred in the Court of Federal Claims. In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice before the Court, and thus a non-admitted attorney cannot generally recover attorney's fees. *Braden v. Sec'y of Health & Hum. Servs.*, No. 17-975V, 2020 WL 7867144 at *3 (Fed. Cl. Spec. Mstr. Nov. 18, 2020); *Underwood v. Sec'y of Health & Hum. Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see also* Vaccine Rule 14(a)(1). At best, non-admitted attorneys may be compensated for

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Jan. 5, 2021).

[4] In addition, Ms. Wilson is not barred in this Court. But (as discussed elsewhere in this Decision) attorneys who are not admitted to practice before the Court of Federal Claims may only be awarded fees for their assistance on Vaccine Program cases at a reduced rate. *Majesty v. Sec'y of Health & Hum. Servs.*, No. 0410V, 2019 WL 2564851, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2019). Ms. Wilson's time would therefore be subject to reduction even if I had found it was properly incurred.

work on a Program case, but only at a rate consistent with that of a non-attorney, supportive role akin to a paralegal. *See Pearson v. Sec'y of Health & Hum. Servs.*, No. 17-489V, 2019 WL 7167552, at *4 (Fed. Cl. Spec. Mstr. Oct. 29, 2019) (citing *Mackey v. Sec'y of Health & Hum. Servs.*, No. 16-1289V, 2018 WL 3596801, at *5–6 (Fed. Cl. Spec. Mstr. May 10, 2018) (declining to compensate a non-admitted attorney at an attorney rate, but instead awarding fees for non-attorney-level work for work performed in a supportive role)); *Razka v. Sec'y of Health & Hum. Servs.*, No. 14-1224V, 2017 WL 3165479, at *3 (Fed. Cl. Spec. Mstr. June 30, 2017) (citation omitted) (distinguishing rates of compensation available to admitted and non-admitted attorneys practicing in the Vaccine Program).

I therefore deem it appropriate to reduce Ms. Kuhl's hourly rate to the corresponding paralegal rate awarded in this case for Ms. Novak's work, based upon the relevant year ($137/hour for work performed in 2020, and $139/hour for work performed in 2021). Ms. Kuhl billed 7.5 hours in 2020 and 10.8 hours in 2021. Reduction to the paralegal rate for Ms. Kuhl's time results in a reduction of **$2,938.80** in fees to be awarded.

### III.  Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seeks $4,384.80 in legal research costs, *See* Fees App. at 1. Such costs are common to Vaccine Program cases, and were specifically required herein in connection with the novel issue presented in this matter, and thus shall be awarded in full without reduction.

### CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. I award a total of **$18,729.70**, reflecting $14,344.90[5] in attorney's fees

---

[5] This total figure consists of the following breakdown in attorney's fees: Ms. Loucks ($11,103.00 requested fees)—$11,103.00 awarded fees; Ms. Wilson ($588.60 requested fees)—$0.00 awarded fees; Ms. Kuhl ($5,467.50 requested fees)—$2,528.70 awarded fees; Ms. Novak (paralegal) ($713.20 requested fees)—$713.20 awarded fees.

and $4,384.80 in costs, in the form of a check made jointly payable to Petitioners and their attorney, Ms. Loucks.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.